DELIA GARRISON, Appellant, *v.* EDWIN A. QUICK, Respondent.

*Chattel mortgage — right of a second mortgagee to take possession of the mortgaged chattel as against a first mortgagee.*

Where a person in possession of a watch, and holding a bill of sale thereof given to secure the payment of fifty dollars, joins with another in executing a chattel mortgage upon the watch, which mortgage is made subject to the claim for which he holds the bill of sale, such instrument is, in fact, a second mortgage, or rather a mortgage upon the equity of redemption, and nothing but the payment of the fifty dollars can divest the holder of the bill of sale of his title to and right of possession of the watch.

APPEAL by the plaintiff, Delia Garrison, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 20th day of October, 1898, upon the decision of the court, rendered after a trial at the Westchester Special Term, dismissing the plaintiff's complaint.

The plaintiff, being in possession of a watch which belonged to one Holian, and of which the defendant held a bill of sale to secure the payment of fifty dollars, the defendant and Holian executed a chattel mortgage to the plaintiff's attorney to secure the payment of ninety-seven dollars and six cents, which mortgage was, by its terms, expressly made subject to the defendant's claim. On the same day the watch was delivered to the defendant under a receipt by which he agreed to redeliver it to the attorney if default should be made in the payment of the chattel mortgage. Default being made in the payment of the chattel mortgage, and the defendant having refused to redeliver the watch, this action was brought to recover the amount of the chattel mortgage.

*William Riley,* for the appellant.

*Joseph F. Daly,* for the respondent.

Judgment affirmed, with costs, on opinion of DYKMAN, J., at Special Term.

All concurred.

The following is the opinion of DYKMAN, J., at Special Term:

DYKMAN, J.:

The defendant, Quick, held a bill of sale of the watch in question to secure the payment of fifty dollars and the watch was in his possession. Holding the bill of sale, he, with James Holian, executed a chattel mortgage upon the watch to the plaintiff to secure the payment of ninety-seven dollars and six cents. The mortgage was expressly made subject to the claim of Quick for fifty dollars for which he held the bill of sale of the watch. It does not appear who owed the debt to secure which the mortgage was made, but presumably it was Holian's debt as there is no other apparent reason for his joining in the mortgage. The bill of sale to Quick for the watch, the agreement contained in the receipt of Quick to the plaintiff, and the chattel mortgage from Quick and Holian to the plaintiff, must be construed together, and the legal rights of the parties must be deduced from the transactions which they embody. In that view the position is this : Quick had the watch and a bill of sale for it as security for the payment of fifty dollars. That vested the absolute title of the watch in him, of which he could be divested only by the payment of fifty dollars. The chattel mortgage recognizes and reserves his rights, and the agreement refers to the mortgage. It is in fact a second mortgage or rather a mortgage upon the equity of redemption. The defendant could not, therefore, be required to surrender the watch until he was paid fifty dollars; nothing but such payment could divest him of his title and right of possession.

It follows that this action must fail, and the complaint must be dismissed, with costs.